UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-23978-CV-SMITH

VIPULKUMAR RASIKLAL PRAJAPATI,

    Petitioner,

v.

KROME IMMIGRATION DETENTION
CENTER,

    Respondent.

_____/

**ORDER REQUIRING FEE OR IFP MOTION**

This cause comes before the Court on Petitioner's Motion for Clarification [DE 5] and Motion for Leave to Proceed *in forma pauperis* (IFP) [DE 6]. Petitioner is an immigration detainee currently being held at Krome Service Process Center in Miami, Florida.

On September 3, 2025, Petitioner filed a Petition for Writ of Habeas Corpus [DE 1] pursuant to 28 U.S.C. § 2241 but failed to either pay the filing fee or file a motion to proceed IFP. On September 9, 2025, this Court entered an Order requiring that Petitioner either pay the $5.00 filing fee or file a compliant IFP motion. (DE 3.) On September 11, 2025, Petitioner filed a Motion for Clarification [DE 5], in which Petitioner explained that he wanted to proceed IFP but was unable to file a legally sufficient motion because Krome recently suffered a detainee account "blackout." Petitioner opines that, because of this blackout, Petitioner was unable to obtain a six-month account statement to accompany his motion to proceed IFP. On September 16, 2025, Petitioner filed an AO 239 Long-Form Application to Proceed IFP [DE 6], where Petitioner outlined his income and spending but did not include an inmate account statement.

1

When a party proceeds *pro se* at the District Court level, his pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Harrigan v. Metro Dade Police Dep't*, 977 F.3d 1185, 1192 (11th Cir. 2020). However, this duty of liberal construction does not require that a court "serve as *de facto* counsel" for a *pro se* litigant or otherwise obligate the Court "to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

This Court cannot construe Petitioner's IFP motion as sufficient. However, this Court can reasonably construe Petitioner's Motion for Clarification as a Motion for an Extension of Time. The information included in Petitioner's Motion for Clarification and subsequent attempt at compliance demonstrates that Petitioner would have likely complied with this Court's prior order had Krome not suffered a "blackout." As a result, this Court will grant Petitioner an additional thirty (30) days to either pay the filing fee in full, file a legally sufficient Motion to Proceed IFP, or file a motion requesting additional time if the "blackout" has not been resolved prior to the Court's updated deadline. It is thereupon

**ORDERED AND ADJUDGED** as follows:

1. Petitioner's Motion for Clarification [DE 5], liberally construed as a Motion for Extension of Time, is **GRANTED**. Petitioner has until **November 8, 2025**, to either pay the $5.00 filing fee in full, file a legally sufficient Motion to Proceed IFP, or file a Motion requesting additional time beyond the updated November 8, 2025, deadline.

2. If the filing fee is paid, the check or money order must bear the case number **25-23978-CIV-SMITH** so that the fee will be docketed in the correct case. This is especially important where the prisoner has filed more than one case.

3. If Petitioner files a Motion to Proceed *in forma pauperis*, the motion must include a supporting financial affidavit as well as the six-month account statement in accordance with Rule 3(a) of the Rules Governing § 2254 Proceedings in the District Courts.[1]

4. If Petitioner files a motion requesting additional time, the motion must include **THE REASON** for the requested extension and **THE LENGTH** of the requested extension.

5. Petitioner's Motion for Leave to Proceed *in forma pauperis* [DE 6] is **DENIED**.

6. The Clerk shall mail a copy of the approved form motion to proceed *in forma pauperis* to Petitioner along with this Order.

7. Petitioner is cautioned that failure to comply with this Order may result in dismissal of this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, on this 1st day of October, 2025.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:

Vipulkumar Rasiklal Prajapati
A-201-088-013
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
PRO SE

Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov

---

[1] The Court may apply Rule 3(a) to the instant § 2241 Petition. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov